STATE OF NEW JERSEY, EX REL. GEORGE H. SNYDER, FRANK COSTA AND STANLEY-FABIAN CORPORATION, A CORPORATION, PROSECUTORS, v. STEPHEN T. ZABRISKIE, SUPERINTENDENT OF BUILDINGS OF THE VILLAGE OF RIDGEWOOD, MAX GOODMAN AND FRANK GERSTEN, RESPONDENTS.

Submitted October 14, 1933—Decided March 23, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the prosecutors, *Colie & Colie* and *Jerome J. Dunn* (*Runyon Colie,* of counsel).

For the respondent Stephen T. Zabriskie, *Thomas L. Zimmerman, Jr.*

For the respondents Max Goodman and Frank Gersten, *William Harris.*

PER CURIAM.

This writ of *certiorari* brings up for review the grant of a building permit by the superintendent of buildings of the village of Ridgewood to Max Goodman and Frank Gersten for the alteration and renovation of a moving picture theatre building known as the "Playhouse" in Ridgewood.

It appears that the Playhouse building in its present condition has been occupied as a moving picture theatre since 1913. The prosecutor Stanley-Fabian Corporation had a lease on the building which expired May 1st, 1933, and the

prosecutor Frank Costa was the manager, and is at present the manager of another motion picture theatre which is now being operated in the village by the Stanley-Fabian Corporation, known as the "Warner Brothers Theatre."

The Playhouse theatre was operated from the time of its erection regularly until a few months before such lease expired, when the Stanley-Fabian Corporation, which was operating the new theatre at the time, closed it. On the expiration of the lease a new lease was arranged by the owners to Goodman and Gersten who applied for and obtained this permit for alterations and renovations.

The building ordinance of Ridgewood does not specifically cover or refer to a motion picture theatre, but there is a provision in the ordinance which provides that the design and construction of any building that is not described in the ordinance shall be carried out in such manner as may be directed by the superintendent of buildings in general conformity with the recognized standards or practice in such cases.

It is agreed that the theatre building when altered must be in general conformity with recognized standards or practice in such cases, and the power of the village to regulate the alterations and renovations in question is not in dispute.

The superintendent of buildings designated the code of the city of New York as a code which set forth the recognized standards and practice. The permit in question was authorized by the superintendent of buildings on the recommendation of the building committee of the village, after three public hearings attended by the building committee of the village, the acting fire chief, the superintendent of buildings, and interested parties. The building committee consisted of a consulting engineer and architect and apparently of two experienced builders whose expert qualifications seem not in dispute, and at their suggestion, and as a result of other suggestions, numerous changes were made in the original plans and specifications to make the building safe for public use.

The testimony of members of the building committee and of the superintendent of buildings was to the effect that the

plans and specifications as finally adopted, and for which the permit was granted, conformed to the recognized standards and practice and conformed to the code of the city of New York in so far as it applied to an old building that was being reconstructed.

The prosecutors' first point is that the building ordinance of the village requires that this building when altered be in general conformity with recognized standards or practice, and their contention is that it does not so conform. We think that the weight of the testimony is that it does.

The next and last point is that the village authorities have erroneously and illegally attempted to substitute section 521, article 25 of the New York building code in place of the provisions of the building ordinance of the village of Ridgewood.

We think they have not. The building ordinance, as we have pointed out, requires that the design and construction shall be carried out in such manner as may be directed by the superintendent of buildings in general conformity with recognized standards or practice in such cases.

As we have indicated, we think the weight of the testimony is that that was done in this case, and the fact that the plans and specifications also conformed to the code of the city of New York, as the testimony indicated that they did, in so far as that code applied to an old building that is being reconstructed, is of no moment, as it seems to us, and certainly ought not to result in the court's interference with the grant of this permit in the circumstances of this case, where it appears that the authorities acted conscientiously and in good faith after full hearings.

The writ will be dismissed, with costs.